ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Avant Assessment, LLC | )  ASBCA No. 58867 |
| | ) |
| Under Contract No. W9124N-10-C-0109 | ) |

APPEARANCES FOR THE APPELLANT:     Mark G. Jackson, Esq.
                                   Stowell B. Holcomb, Esq.
                                   Jackson Rosenfield LLP
                                   Seattle, WA

APPEARANCES FOR THE GOVERNMENT:    Raymond M. Saunders, Esq.
                                    Army Chief Trial Attorney
                                   CPT Harry M. Parent III, JA
                                   Kyle E. Chadwick, Esq.
                                   Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION

On 10 September 2015, the government timely moved for reconsideration of the Board's 11 August 2015 decision granting appellant's motion for summary judgment and sustaining the appeal. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067. Appellant, Avant Assessment, LLC (Avant), moved for summary judgment that its contract for the provision of 3,300 foreign language test items had been improperly terminated for default. In response, the only justification that the government offered for the termination was that Avant "fail[ed] to deliver the required number" – 3,300 – "of acceptable test items" (gov't resp. at 4). We rejected that argument, finding that the parties had entered into Modification No. P00005, which "descoped" from the contract any unaccepted items; therefore, "delivering fewer than 3,300 acceptable items was not cause for terminating the contract." *Avant Assessment*, 15-1 BCA ¶ 36,067 at 176,129.

Where litigants have once battled for a decision, they should neither be required, nor without good reason permitted, to battle for it again. *See Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014). Motions for reconsideration do not afford litigants the opportunity to take a "second bite at the apple" or to advance arguments that properly should have been presented in an earlier proceeding. *Id.* On reconsideration, the government advances the following justification for the termination of the contract:

Modification No. P00005 required appellant (Avant) to submit specified numbers of test items per "node" (language and skill level). Appellant under-delivered for some nodes and over-delivered for others. There is a direct link between appellant's under-deliveries and the 126 items that the contracting officer found Avant was "short," and that were subsequently descoped.

(Gov't mot. at 1) The government continues:

[T]he "descoping" provision of Modification No. P00005 may have reduced the required number of "acceptable" items required, but it did not relieve appellant of its obligation to comply with the agreed delivery schedule. In short, if an item was never delivered, it was not descoped from the contract.

(*Id.*)

Essentially, the government appears to be arguing that Avant did not deliver a required number of test items, regardless of their acceptability. That is an argument not advanced in response to the motion for summary judgment. To be sure, the government's response to the summary judgment motion discussed nodes, but, as the following excerpt from the response shows, that was in support of the argument that Avant had not delivered 3,300 acceptable test items:

Appellant's contention that the government agreed to move overages from some nodes on [the contract] to shortages in other nodes as a way for appellant *to reach the required number of 3,300 acceptable test items* under this contract is similarly disputed.

(Gov't resp. at 4) (Emphasis added)

In support of its current argument, the government offers what it characterizes as "new" evidence in the form of deposition testimony given on 4 August 2015 by "an Avant manager"; the government also points to the contracting officer's 26 June 2013 final decision, and to findings of fact that Avant proposed in support of its summary judgment motion on 21 July 2015 (gov't mot. at 1-2; R4, tab 7; app. mot. at 9, ¶¶ 47-48). Of course, the latter two items are not new, and the deposition testimony appears to offer the deponent's understanding of how Modification No. P00005 would operate. However, that is a matter of contract interpretation, an issue of law that – particularly because there is no suggestion that Modification No. P00005 is ambiguous – does not

2

require parole evidence to resolve. *See VLOX, LLC*, ASBCA No. 59305 *et al.*, 15-1 BCA ¶ 36,055 at 176,075. That means that the government did not need the deposition testimony to advance the argument it now advances; it could have advanced that argument in its response to the summary judgment motion. For whatever reason, it did not; not even the government suggests otherwise. For all these reasons, the motion for reconsideration is denied.

Dated:  14 October 2015

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58867, Appeal of Avant Assessment, LLC , rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3